IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELKHART METAL FABRICATING, INC., and BULL MOOSE TUBE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:14-cv-00705-JCH |
| JOHN K. MARTIN, ELKHART METAL DISTRIBUTING, INC., and STEURY PROPERTY, L.L.C. | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff Elkhart Metal Fabricating, Inc.'s ("EMF") Motion for Partial Summary Judgment on Count VIII or Count IX of the Complaint. (ECF No. 65.) The Motion has been fully briefed and is ready for disposition.

# BACKGROUND

The undisputed facts are as follows.[1] In January 2013, EMF purchased the assets of Defendant Elkhart Metal Distributing, Inc. ("EMD"), an Indiana corporation. (SUMF ¶ 1.) Prior to the asset sale, EMD had been a customer of EMF's parent company, Plaintiff Bull Moose Tube Company ("BMT"), a Missouri corporation. *Id.* ¶ 2. Under their regular course of dealing, EMD would submit orders to BMT for materials, BMT would deliver those materials to EMD,

---

[1] Defendants did not respond to EMF's Statement of Uncontroverted Material Facts ("SUMF"). (ECF No. 67.) Accordingly, these facts are accepted as undisputed for purposes of the instant motion. *See* E.D.Mo. L.R. 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

and EMD would accept them. BMT would then send invoices to EMD, reflecting BMT's charges for the materials ordered by and delivered to EMD, and requiring payment in full within 30 days of each invoice. *Id.* ¶ 3.

In 2012, EMD purchased substantial materials from BMT, consistent with the parties' prior course of dealing. *Id.* ¶ 4. As of January 2, 2013, the day before the asset sale, the principal balance due from EMD for the materials delivered by BMT was $440,631.90. *Id.* ¶ 9. EMD never disputed that it received the materials, nor did it ever communicate any disagreement with the prices charged in the invoices provided by BMT. *Id.* ¶ 13. EMD subsequently paid BMT for some of the materials, but failed to pay BMT for a substantial portion of the materials. *Id.* ¶¶ 10-11. The principal balance remaining was $331,483.78, which was due no later than January 18, 2013. *Id.* ¶¶ 12, 14. EMD made no further payments on the outstanding invoices. *Id.* ¶ 15. BMT assigned the unpaid account receivable to EMF. *Id.* ¶ 16.

In February 2014, Plaintiffs filed suit in the Circuit Court of St. Louis County against Defendants John K. Martin, EMD, and Steury Property, LLC. (ECF No. 1.3.) Plaintiffs assert, in Count VIII of the Complaint, a breach-of-contract claim against EMD and Martin, and in Count IX, an alternative claim of action on account; both claims are predicated upon the $331,484.78 principal outstanding balance owed by EMD to EMF. In both Counts, Plaintiffs allege that Martin was EMD's alter ego. *Id.* at 24-26. In April 2014, Defendants timely removed the action to federal court based on diversity jurisdiction. (ECF No. 1.) As mentioned above, EMF has moved for partial summary judgment on Count VIII or Count IX of the Complaint. EMF notes that its Motion "addresses the claims only insofar as they are directed at EMD," not at Martin. (ECF No. 65.) EMD has filed a Memorandum to Court, indicating that it will not be filing a response to EMF's Motion. (ECF No. 70.)

2

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The substantive law determines which facts are material, and only disputes over "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation and citation omitted).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party discharges this burden, the nonmoving party "must set forth specific facts demonstrating that there is a dispute as to a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal quotation and citation omitted). The Court "is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim." *Holland v. Sam's Club*, 487 F.3d 641, 644 (8th Cir. 2007) (internal quotation and citation omitted).

## DISCUSSION

As an initial matter, there is a preliminary question here as to whether Missouri or Indiana law applies to Plaintiffs' claims. *See Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994) (in diversity action, court follows choice-of-law approach in state in which it sits; Missouri courts use most-significant-relationship test, under which state having most significant relationship will depend upon nature of cause of action and upon particular legal issue in dispute). EMF does not attempt to resolve the choice-of-law issue in its Motion; instead, EMF

asserts that, because the laws of Missouri and Indiana are similar in all relevant respects, EMF is entitled to summary judgment regardless of which state's law is applied. Because the application of either state's law will not impact the Court's ruling, and because the case is still in the early stages of discovery and neither party has meaningfully addressed the issue, the Court declines to make a choice-of-law determination at this time.

With respect to Count VIII of the Complaint, the elements of a breach-of-contract claim under Missouri law are: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (citation omitted). Under Indiana law, "[t]he essential elements of a breach of contract claim are the existence of a contract, the defendant's breach thereof, and damages." *Auto-Owners Ins. Co. v. C & J Real Estate, Inc.*, 996 N.E.2d 803, 805 (Ind. Ct. App. 2013) (internal quotation and citation omitted).

EMF argues that it is beyond genuine dispute "that the parties had an agreement, by which EMD ordered materials at prices charged by BMT, that BMT delivered materials and EMD accepted them, and that EMD failed to pay for all of those materials." (ECF No. 66 at 4.) EMF further argues that it is undisputed that there is a past due, principal outstanding balance of $331,483.78, the rights to which BMT assigned to EMF. In addition, EMF asserts that it is entitled to prejudgment interest of at least 8% on the principal outstanding balance from January 18, 2013 to the date of the judgment. *Id.* (citing Ind. Code § 24-4.6-1-102 (allowing prevailing party to collect prejudgment interest of 8% per annum until payment of judgment) and Mo. Rev. Stat. § 408.020 (prejudgment interest rate of 9% per annum)).

4

Based upon the undisputed record before it, the Court concludes that it is beyond genuine dispute that EMD and BMT had a mutual understanding and agreement, pursuant to which BMT would deliver materials to EMD, and EMD would compensate BMT for those materials upon receiving invoices from BMT. *See Follman Props. Co. v. Henty Constr. Co., Inc.*, 664 S.W.2d 248, 250 (Mo. Ct. App. 1983) (contractual relationship may be established without written contract where circumstances and acts and conduct of parties support reasonable inference of mutual understanding and agreement that one party perform and other party compensate for such performance; implied contract may arise from parties ordinary course of dealing); *Johnson v. Scandia Assocs., Inc.*, 717 N.E.2d 24, 30-31 (Ind. 1999) (contracts implied in fact arise from course of dealing between parties and may be evidenced by acts done in course of performance or by ordinary practices in trade). It is also beyond genuine dispute that EMD failed to compensate BMT for the materials BMT delivered in 2012, thereby breaching the parties' agreement, and that BMT subsequently assigned its interests in the outstanding balance to EMF.

Therefore, summary judgment in favor of EMF on Count VIII of the Complaint--as to EMD only--is proper. EMF is entitled to the principal outstanding balance of $331,483.78, and to prejudgment interest of 9%. *See* Mo. Rev. Stat. § 408.020; *see also Haney v. Portfolio Recovery Assocs., LLC*, No 4:14CV0720 TIA, 2015 WL 1457216, at *3 (E.D. Mo. Mar. 30, 2015) ("Regardless of which state's substantive law applies here [prejudgment] interest rates are procedural matters dictated by the statues of Missouri, the forum state") (citations omitted), *appeal docketed*, No. 15-1932 (8th Cir. May 5, 2015); *Spirtas Co. v. Ins. Co. of the State of Pa.*, No. 4:05 CV 100 DDN, 2006 WL 1300669, at *10 (E.D. Mo. May 9, 2006) ("statutory interest is a procedural matter…and this court will apply the law of the forum state, Missouri, to procedural issues") (citations omitted).

In view of the Court's conclusion that EMF is entitled to summary judgment on Count VIII, the Court need not address EMF's alternate theory of recovery, as set forth in Count IX of the Complaint.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Elkhart Metal Fabricating, Inc.'s Motion for Partial Summary Judgment on Count VIII or Count IX of the Complaint (ECF No. 65) is **GRANTED**.

Dated this 9th day of September, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE